FARNHAM v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.  June 26, 1905.)

1. CARRIERS—INJURIES TO PASSENGERS—DAMAGES—PLEADING.

In an action for injuries to a passenger, an allegation that she was seriously wounded, bruised, and contused about her head and body, suffered a severe shock, and was made sore and sick, and had since suffered from dizzy spells, etc., was insufficient to justify the admission of evidence that she suffered thereafter from undue menstruation.

2. SAME—PHYSICIAN'S EVIDENCE.

In an action for injuries to a passenger, evidence of her physician that it was reasonably certain that a shock of the kind she suffered would cause undue menstruation, without proof that the shock did cause such condition, was inadmissible.

Appeal from City Court of New York, Trial Term.

Action by Ella A. Farnham against the Interurban Street Railway Company.  From a judgment in favor of plaintiff, defendant appeals.  Reversed.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
Daniel S. Decker, for respondent.

MacLEAN, J.  In her action to recover damages for injuries sustained while a passenger on one of defendant's cars, the plaintiff alleged that she "was violently hurled and thrown therefrom to the ground, whereby the plaintiff was seriously wounded, bruised, and contused about her head and body, and a severe shock inflicted upon and sustained by her," and that she "was made sore and sick, since has suffered and been subject to dizzy spells, and has suffered great pain, and been disabled from attending to her household duties and her home."  Particulars seem not to have been demanded or furnished.  At the trial she was asked by her counsel,

"Q. State what you felt—have you pain any place, and, if so, indicate and state?  A. It appeared on a certain contusion at that time.  Must I state everything about this?  By the Court: Anything you know, you must state.  A. It appeared—my menstruation.  It lasted five weeks constantly."

The defendant moved to strike this out as incompetent, but this motion was denied, and he excepted.  Again she was asked, against

the objection of the defendant, if she felt any effects at this time from the injuries received, and, if so, to describe them; and, among other things, she said, "I continue to have troubles with menstruation very much." Her physician was asked, "Can you say with reasonable certainty that a shock of the kind which Mrs. Farnham has testified to, or that she received—this fall—would cause undue menstruation?" And he answered, "Yes." This, too, was objected to upon the same ground, and because not pleaded, and asked to be stricken out, but was denied. The physician did not state, nor was he asked, that the shock did cause undue menstruation. The judgment should be reversed therefor. McNeill v. Interurban St. Ry. Co. (Sup.) 92 N. Y. Supp. 767. And under the decision in Clark v. Met. St. Ry. Co., 68 App. Div. 49, 54, 74 N. Y. Supp. 267, specific pleading would seem necessary.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur.